GALLAGHER & HENRY, INC.; Orchard Hill Construction LLC; and Orchard Hill Building Co., Plaintiffs,

v.

CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS; Earl Oliver; William Rabinak; and Tom Shipley, Defendants.

No. 99 C 6103.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 2, 1999.

Howard K. Priess, II, Stephen M. Laduzinsky and Gina L. Knight, Tressler, Soderstrom, Maloney & Priess, Chicago, IL, for Gallagher & Henry, Inc., Orchard Hill Const., LLC., Orchard Hill Building Co., Inc., Plaintiffs.

Terrance Bryan McGann, Travis J. Ketterman, Whitfield & Gregorio, Chicago, IL, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

CASTILLO, District Judge.

The plaintiffs, who are housing developers, filed this lawsuit in the Circuit Court of Du Page charging the Union and several of its officers (collectively "the Union") with two counts of tortious interference with business expectancy. The Union, pursuant to 28 U.S.C. § 1441(b), removed the case to this Court, alleging original federal question jurisdiction on the ground that the plaintiffs' state law tort claims are preempted by 29 U.S.C. § 158(b). The plaintiffs now ask us to remand the case to state court. Having carefully considered the parties' submissions and argument, we grant the plaintiffs' motion and remand the case to state court.

### Background

In connection with three Chicago-area housing developments, the plaintiffs hired two roofing companies as subcontractors. Apparently, the two roofing companies are non-union shops and, for this reason, the Union began distributing unfavorable (and arguably threatening) handbills to prospective homebuyers, thereby interfering with the plaintiffs' ability to sell homes in the three developments.

The plaintiffs initially sought recourse with the National Labor Relations Board, filing a charge of illegal secondary boycott, in violation of 29 U.S.C. § 158(b), against the Union. The Board, however, declined to issue a complaint because there was insufficient evidence of a violation. (R. 6, Mem. in Opposition to Remand Ex. 2, Letter from NLRB to Advance Roofing of 9/3/99.) Additionally, on September 2, 1999, the plaintiffs filed a complaint in the state court alleging two counts of tortious interference with business expectancy.

The Union filed its notice of removal, (R. 1), on September 15, arguing that the plaintiffs' case really arises under the National Labor Relations Act § 8, codified at 29 U.S.C. § 158. The plaintiffs now seek remand on the ground that § 158 does not bestow original jurisdiction on the federal courts and, for that reason, removal was improper. The Union responds that § 158 preempts the plaintiffs' state law causes of action and therefore that the case is appropriately before this Court.

### ANALYSIS

■ Federal law provides for the removal from state court to federal court of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the ...

**956**

laws of the United States." 28 U.S.C. § 1441(b). "Original jurisdiction" does not encompass defenses based on federal law; rather, only cases in which the complaint sets forth a federal claim for relief are appropriately removed to federal court. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). "Thus, a plaintiff may avoid federal jurisdiction by exclusive reliance on state law, even where a federal defense, including the defense of pre-emption, may .later be raised." *Empress River Casino Corp. v. Local Union No. 9 and 176, Int'l Bhd. of Elec. Workers,* No. 94 C 2379, 1994 WL 262075, at \*2 (N.D.Ill. June 10, 1994) (relying on *Caterpillar,* 482 U.S. at 392–93, 107 S.Ct. 2425).

█ Section 158 does not provide original jurisdiction . to the federal courts: "When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board." *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 245, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). In other words, original jurisdiction of cases arising under § 158 lies with the Board, not with any court. Because this case could not have been filed in this Court in the first instance, removal was improper. We lack jurisdiction and must remand the case to state court.

█ The Union contends, however, that § 158 completely preempts state law. If the Union is correct, then we would have jurisdiction over this case. *See Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425 ("On occasion, ... the pre-emptive force of a statute is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." (quotation omitted)). But the Union is wrong; section 158 does not so wholly occupy the field as to oust state law. *United Assoc. of Journeymen, Local 57 v. Bechtel Power Corp.,* 834 F.2d 884, 887

(10th Cir.1987) ("The *Garmon* doctrine [that §§ 157 and 158 preempt some state causes of action] does not, however, preempt all local regulation that in any way touches or concerns the employment relationship."); *Empress River Casino Corp.,* 1994 WL 262075, at \*4 ("[C]laims under § 8(b)(4) are not completely preempted."). Thus, the doctrine of complete preemption does not preclude remand.

Finally, the Union argues that the NLRB's decision that the plaintiffs cannot establish a secondary boycott against the Union is binding on the plaintiffs and precludes the state court action. Thus, according to the Union, the state courts also lack jurisdiction and a remand would be improper. It is not for us, however, to determine the jurisdiction of a state court. The Union must present its preemption and res judicata arguments to the state court, which is entirely competent to resolve it.

**CONCLUSION**

For the reasons set forth above, we grant the plaintiffs' motion to remand this case to state court. (R. 4–1).